UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 07-21-GFVT

UNITED STATES OF AMERICA,                                       PLAINTIFF,

V.                  **MAGISTRATE JUDGE'S REPORT
                        AND RECOMMENDATION**

ARDITH DOBSON,                                                 DEFENDANT.

*** *** *** ***

       This matter is before the Court on the petition of United Sates Probation Officer Roger Varney alleging two violations of the terms of Defendant's supervised release. The Defendant was brought before the Court on February 21, 2012 for an initial appearance on the alleged violations. Following a preliminary hearing, the undersigned found probable cause to believe the Defendant committed the violations as alleged, and he was remanded into custody pending a final hearing. [Rs. 43, 45].

       On April 6, 2012, the matter was called for a final revocation hearing. The Defendant was present and represented by appointed counsel, Patrick Nash, and the United States was represented by Assistant United States Attorneys Pat Molloy and Miguel Dickson. United States Probation Officer Roger Varney was also present. A full hearing was held, and the parties offered testimony from a number of witnesses. The Court, being fully advised, and after reviewing the evidence and hearing the testimony of witnesses and the arguments of counsel, makes the following proposed Findings of Fact and Conclusions of Law.

## I.  SUMMARY OF EVIDENCE

At approximately 3:25 a.m. on the morning of November 17, 2011, Kentucky State Police Officer ("KSP") Joel Abner responded to an assault complaint at the residence of Kathleen Click.  Prior to his arrival at the scene, Officer Abner was informed that an ambulance was already transporting Ms. Click to the Hazard Area Regional Hospital. Abner arrived at the residence at approximately 4:00 a.m.  Upon exiting his vehicle, Abner testified that he smelled a strong odor of alcohol while still 15 to 20 yards away from the residence.  Abner could not gain access to Ms. Click's residence, but observed blood smeared on a screened door and drops of blood on the carpeted section of the front porch.

Abner arrived at the hospital at approximately 4:40 a.m. and made contact with Click, who was in the major trauma area of the emergency room.  Abner noted that Click was covered in blood and observed lacerations on her head and right arm.  Abner took photographs of Click before the nurses removed her clothes and cleaned her wounds. These photographs have been entered into the record as various defense and prosecution exhibits.  After identifying himself as a police officer, Abner attempted to interview Click, but reported having difficulty communicating with her because she was intoxicated and hard of hearing.

Click advised Abner that her boyfriend, Ardith Dobson, was the person who assaulted her.  Click stated that Dobson had struck her several times with a whiskey

bottle, causing the lacerations on her head and arm.  When asked why Dobson attacked her, Click stated that she had caught him cheating on her with other women and that they were arguing about Dobson's infidelity when the attack occurred.  Click further told Officer Abner that Dobson left her residence once she called 911 for assistance. Although Click was intoxicated and hard of hearing, Abner testified that she did not appear uncertain about how she received her injuries.  Click did not identify any other individuals who may have been present in her home at the time of the attack.  Abner further testified Cllick wanted to press charges against Dobson that evening and was aware that a warrant would be issued for Dobson's arrest.

On December 1, 2011, Defendant was arrested by the Knott County Sheriff's Office and charged with Assault in the Second Degree under Kentucky law.  On December 2, 2011, Click signed an "Affidavit to Dismiss Criminal Charges" in which she sated that it was her desire to dismiss the charges against Defendant and that she would not assist in the prosecution of a case against him. [R. 42, *Gov't Ex. 1*].  The assault charge against Dobson was dismissed without prejudice, however, during the final revocation hearing, Officer Abner testified that a Kentucky grand jury heard the case against Dobson, but had not yet made a decision.

Kathleen Click testified at the final revocation hearing and recounted the events of November 17, 2011.  She testified that she had been drinking since Monday, November 14, 2011.  On the morning in question, she had three friends over at her house: Tracey, Dillis and Jeremy.  She testified that Dobson, however, was not present.  Although she is

a binge drinker and blacks out frequently, Click recalled seeing Tracey reach into her purse.  This triggered a fight between Click and Tracey.  Click testified that she had engaged in physical fights with Tracey on at least two prior occasions.  The previous fights include punching, shoving, and hair pulling.  Click testified that she had never called the police or been sent to the hospital as a result of their previous fights.  Click further testified that it was actually Tracey who struck her with the whiskey bottle during their fight.  Click indicated that following the blow, she became unconscious and awoke a short time later, alone.  Although she changed clothes twice and retrieved a drink from her refrigerator, she claims to not remember doing these things.  Click testified that she became aware of the seriousness of her injuries while attempting to clean her own blood off the kitchen floor.  She then called 911, and an ambulance was dispatched to take her to the hospital.

In open court, Click asserted that the statement she provided to Officer Abner in the hospital was a fabrication.  She claims that she provided a false statement because she was angry at Dobson for cheating on her.  Click testified that she had no reason to protect Tracey from trouble, but that she simply wanted revenge against Dobson.  Click further stated that she did not recall telling the 911 dispatcher that Dobson had attacked her.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

For the following reasons, the Court finds the following facts to be established by a preponderance of the evidence:

(1)   On January 23, 2008, Ardith Dobson appeared before the Court for

4

sentencing following a guilty plea to one count of manufacturing 50 or more marijuana plants in violation of 21 U.S.C. § 841. [R. 30]. Defendant was sentenced to a 33 month term of imprisonment to be followed by a six year term of supervised release. [Id.]. On March 1, 2011, Defendant began his six-year period of supervised release through the United States Probation Office in Pikeville, Kentucky. Officer Chad Hall was initially assigned to supervise the Defendant. Supervision of the Defendant, however, was transferred to Roger Varney who testified that no violations were reported by Officer Hall.

(2) On November 17, 2011, the Defendant, Ardith Dobson, violated the terms of supervised release by violating state law by committing the crime of Assault, 2nd in violation of KRS 508.020, a Class C felony. The Court finds the following facts supporting this violation by a preponderance of the evidence:

(a) Within hours of the incident, and while being treated at the emergency room, Kathleen Click reported to Tpr. Abner that she had been assaulted by Dobson, who used a whiskey bottle to inflict her injuries. At the Final Hearing, however, Click asserted that she falsely reported being assaulted by Dobson, stating that she was actually beaten by Tracey. After considering all of the evidence offered at the hearing, the Court believes that Click's statement to law enforcement immediately subsequent to the incident to be most reliable and believable.

Drunk, unconscious and viciously beaten, it is difficult to believe she fabricated her initial story in an attempt to get revenge. Dobson argues that because Click was

intoxicated and blacked out occasionally, her recollection of the assault is unreliable. However, Click maintained at the Final Hearing that she has a clear recollection of being struck by Tracey with the whiskey bottle.  In addition, Click testified to her specific recollection of overhearing the emergency room physicians and staff articulate that any surgery to address her wounds would have to be delayed until her blood/alcohol content had decreased.  Although Click now maintains that she initially blamed Dobson for the assault in an effort to seek revenge for his infidelity, the Court finds it unlikely that she experienced greater anger toward Dobson, than toward the individual, Tracey, who Click now maintains struck her with a whiskey bottle.

Detective Abner testified that following his initial interview at the hospital, Click denied know who struck her during a subsequent victim interview.  Alicia Dobson, the Defendant's niece, testified that Click was unable to recall who struck her, and not until immediately before the hearing did Click place the blame on Tracey.  Frequently changing stories casts doubt on the veracity of her testimony in Court.

Finally, although much is made of the fact that Click withdrew her participation in prosecuting Dobson in state court proceedings, her withdrawal did not in any way attempt to exonerate him, but only established a refusal to assist in his prosecution.  Therefore, although the evidence is conflicting in this matter, the Court is convinced that the evidence establishes, by a preponderance of the evidence, that the Defendant committed the crime of Assault 2nd in violation of KRS 508.020, a Class C felony, and a violation of the following term of supervised release:  The defendant shall not commit another federal, state, or local crime.

(b) The evidence presented at the hearing did not address the alleged violation of Special Condition No. 2: The defendant shall abstain from the use of alcohol. Therefore, the Court will recommend that this alleged violation be dismissed.

### III. RECOMMENDATION

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have violated the terms of his supervised release stating that the Defendant shall not commit another federal state or local crime as set out above;

(2) That Violation No. 2 be dismissed;

(3) That the matter be scheduled before District Judge Gregory F. Van Tatenhove at the Court's earliest convenience for a sentencing on the supervised release violation.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 6, 2012.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge