UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 07-21-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ARDITH DOBSON | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation [R. 47] filed by United States Magistrate Judge Edward B. Atkins. The Report and Recommendation addresses the reported violations of supervised release conditions by Defendant Ardith Dobson. Therein he recommends this Court adjudge Dobson guilty of one violation and dismiss the other. [*Id.* at 7.] He also advises the parties that any objections must be filed within fourteen days of service. [*Id.*] Dobson filed an objection, wherein he disagrees with Judge Atkins finding that he assaulted Kathleen Click, violating a standard condition of his supervised release. [R. 58.]

When a party objects to a Report and Recommendation, the Court has a duty to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C). After considering the pertinent filings and for the reasons set forth below, Dobson's objection will be OVERRULED.

**I.**

On November 17, 2012, Kentucky State Police Officer Joel Abner responded to an assault complaint at Click's residence. [R. 62-1 at 2.] Click called 911 claiming she had been assaulted by Dobson. [*Id.*] Before arriving at Click's residence, Abner was

1

informed by KSP dispatch that an ambulance service was transporting Click to Hazard Area Regional Hospital. [*Id.*] Abner arrived at Click's residence at approximately 4 a.m. [*Id.* at 2-3.] He did not enter the home, but did observe blood smeared on a screened door and drops of blood on the front porch. [*Id.* at 3.]

Abner departed Click's residence and traveled to the hospital where he found Click being cared for in the major trauma wing of the emergency room. [*Id.*] Click advised she was intoxicated and had difficulty hearing, but was able to tell Abner that Dobson was responsible for her injuries. [*Id.*] According to Click, Dobson hit her several times with a whiskey bottle causing lacerations on her head and arm. [*Id.*] Abner asked questions about the incident, and she recounted being attacked while confronting Dobson about his unfaithfulness in their relationship. [*Id.*] According to Abner, Click wanted to press charges and he sought an arrest warrant consistent with her request, [*Id.*] but she later signed an "Affidavit to Dismiss Criminal Charges," declaring her desire to dismiss the charges against Dobson and asserting she would not assist in the prosecution against him, [R. 42, Ex. 1].

At the final revocation hearing regarding the matter, Click again described the events that led to her hospital stay, but this time she contradicted everything she told Abner at the hospital. [R. 58.] She instead blamed her lacerations on an unidentified woman named Tracey, who Click advised was at her home on November 17. [*Id.*] She admitted fabricating the information she told Abner because she was upset at Dobson for being unfaithful to her. [*Id.*]

**II.**

In his objection, Dobson argues that the United States did not meet its burden under the preponderance of evidence standard. He places great importance on Click's hearing testimony. He asserts Click "unambiguously denied that [] Dobson caused her injuries," and "testified that [] Dobson had not even been present at her home" on the night of the alleged altercation. [R. 60 at 9, 23-29; R. 62.] He further contends Click's drunken statement, uncorroborated by any other evidence, is insufficient to establish a supervised release violation. [R. 62.]

To revoke a defendant's supervised release a district court must find by a preponderance of the evidence that the defendant has violated a condition of that release. *U.S. v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). A preponderance of evidence standard requires the Court to find it "more likely than not," certain events transpired as represented by one of the parties. *See Ethyl Molded Products Co. v. Betts Packaging, Inc.*, 1988 WL 122168, at *33 (E.D. Ky., September 2, 1988) (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983)). Whether Dobson violated a term of his supervised release as it relates to Click's injuries depends on which statements made by Click are to be believed.

Click's contradictory statements call into question her credibility. Nevertheless, "[a]fter considering all of the evidence offered at the hearing," Judge Atkins concluded "that Click's statement to law enforcement immediately subsequent to the incident" was the most reliable. [R. 58 at 5.] "[W]hen a magistrate's findings and recommendations are based on an evaluation of the credibility of the witnesses, a district court is not required to rehear the testimony to make such a determination of the issues." *U.S. v. Zellars*, 2007

3

WL 1536815, at *3 (E.D. Ky., May 24, 2007) (citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980)). Additionally, "[c]redibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his de novo review of the record he finds a reason to question the magistrate judge's assessment." *Id.* at *3 (citing *United States v. Brown,* 2007 U.S. Dist. Lexis 33521 *3 (E.D.Tenn. May 7, 2007)).

After reviewing the record, the Court finds no reason to question Judge Atkins' credibility determinations. He stated clear reasons for his position. Click's 911 call and her statements to Officer Abner while being treated in the hospital emergency room are quite compelling proof that Dobson was the cause of her injuries considering those statements were made shortly after the altercation. [R. 62-1.] Like an excited utterance, which is an exception to the prohibition against admitting hearsay into evidence, Click's out-of-court statements possess "inherent guarantees of truthfulness" because they were made "under the sway of excitement precipitated by an external startling event…" *Haggins v. Warder, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983) (citing 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(2)[01] at 803-79 (1981)).

Accordingly, and being otherwise sufficiently advised, the Court concurs with Judge Atkins' Report and Recommendation, and it is hereby **ORDERED** as follows:

(1) The Defendant's Objection to Report and Recommendation [R. 62] is **OVERRULED**;

(2) United States Magistrate Judge Edward B. Atkins' Report and Recommendation [R. 58] is **ADOPTED** and **INCORPORATED** by reference; and

      (3)      This Matter is set for sentencing on the supervised release violation on Thursday, August 2, 2012, at 1:30 p.m. at the United States District Courthouse at Lexington, Kentucky; and

      (4)      The Clerk of the Court shall send a copy of this Order to the U.S. Probation Office and the U.S. Marshal.

      This 17th day of July, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge